IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD PATTERSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | Miscellaneous No. H-05-186 |
| | § | |
| U.S. DEPARTMENT OF LABOR, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Ronald Patterson has moved this court, under the customer challenge provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. 3401 *et seq.*, to prevent the United States Department of Labor, Employee Benefit Security Administration, from obtaining access to financial records held at the Wood Forest National Bank.  Patterson asserts that the Department of Labor has previously obtained profit sharing account history records that are sufficient for its investigation.

A court must deny a motion under the RFPA to quash efforts by the government to obtain financial records unless the movant can "'show a factual basis'" for concluding that the records sought are not relevant to a legitimate law enforcement investigation.  *See In re S.E.C. Private Investigation/Application of John Doe re Certain Subpoenas*, [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 95,424, at 97,140, 1990 WL 119321, at *2 (S.D.N.Y. Aug. 10, 1990) (quoting *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C.1980)); *Ruggles v.*

*S.E.C.*, 567 F. Supp. 766 (S.D. Tex. 1983); *Fleming v. S.E.C.*, 1996 WL 660909 (S.D.N.Y. Nov. 13, 1996)].

     Patterson has made only unsupported and vague allegations about the relevance of the documents. He has stated that the Department of Labor does not need the documents because other information is "sufficient for the investigation." Patterson does not identify the relationship between the records the Department of Labor previously obtained and the records at Woodforest National Bank he seeks to protect. Patterson does not deny that the banking records sought are relevant, but instead only asserts that they are unnecessary because other relevant information has previously been provided. Section 3410(a) does not compel a response by the defendant when, as here, the customer's affidavit does not show a basis for inferring that the request for the bank records is improper because they do not contain information relevant to a legitimate law enforcement purpose.

     The motion for an order under the Right to Financial Privacy Act is denied.

     SIGNED on June 23, 2005, at Houston, Texas.

                                                                  Lee H. Rosenthal
                                                      United States District Judge